Are you ready? Yes. Okay. Go ahead. Thank you. Good morning. May it please the Court. Alan Falahi on behalf of the appellant. Richard Palm. You can turn that, pull that up a little bit. Thank you. Is that microphone off? No. Actually, we have more volume. Put volume up. Yeah. It's the way that...  All right. Better now? Better. That's a little, yeah. And use your, use your outside voice. That's right. I get it. I get it. I'm accused of using that too frequently. I know. But here it's okay. Okay. Thank you, Your Honor. I want to focus really on what the Court identified as the critical issue on which supplemental briefing was required, which is the extent to which the Court is to interpret the civil service rules and what impact to those rules, specifically section 1.26 and section 7.7, affect the appellant's rights here. The first is, what is the appropriate level of review? And I think, based upon the Court's stated interpretation in the case of McGraw v. City of Huntington Beach, that the Court there looked at a municipal ordinance in the view that it was actually permissive, that there could be permissive interpretation rather than... Well, okay. But I don't... You argue in your supplemental brief that the case is nearly identical to McGraw, but McGraw held that a permanent city employee has a property interest at least to continued employment in their permanent position. I don't see anywhere in McGraw a suggestion that a property interest in a probationary position. Is this case like McGraw? If it is, why don't you lose? Well, it's not exactly like McGraw. Okay, but you said it's nearly identical to. It is. So I'm just, I'm giving, I'm pushing back your own words right at you. You know, there are a lot of very stark factual similarities between the two cases. In McGraw, Ms. McGraw had been in this probationary period for 5 months before she was told she was going to get fired. In fact, Mr. Palm was in his probationary period for 5 months, and it was a 6-month probationary period before he was told he had to resign or be fired. Unlike Ms. McGraw, with the City of L.A., they actually had a segmented review period, and that's critical, and I'll get to why in a moment. But this segmented review period allowed for the person who is in the position to be reviewed and analyzed every month. So there were 6 separate segments that you had to get through in order to say, hey, look, this is your position forever. Well, you're saying he gets a percentage of a property right each month? Well, I'm saying it creates an expectation, a reasonable expectation of having a vested property right as you go through this segmented review period. And Mr. Palm was at the probationary period. Well. It sort of negates it, doesn't it? I don't believe it does, because he wasn't a probationary employee. He was a tenured employee. Well, he was a probationary employee in this particular job. The job was regarded as a probationary position, but that doesn't change the fact that he was a tenured employee. But be careful what you ask for, because then you would never promote from within. You would just take someone from the outside and put them on probation if everyone from within automatically bypasses probation in their new position. You know, I mean, I'm having trouble how you're integrating all of this, because when I'm looking at 7.7 of the civil service rules, it states that a permanent employee is considered on leave of absence from that position while serving in a probationary position. Thus, the rules expressly recognize that a permanent employee may also serve in a probationary position may be terminated from that position with a written notice. If you're correct that a permanent employee in one capacity is not subject to the rules governing probationary employees, even for the purposes of serving in a probationary position, how does that not render 7.7 a nullity? I believe 7.7 exists as a retreat right for employees. Not everything is valid. Is this a what? A retreat right. So, in essence, in lieu of a termination, you can go back to your former position. Not every municipality has it. It is another safeguard to protect employees that may be terminated, but I don't think it's dispositive of the qualification. Well, if you've got a property right, what do you need that protection for, to go back, to retreat back, if you can't terminate them from a probationary position? Well, you can terminate someone from a probationary position with due process. And then you would say then they have to retreat to go back to the position where they passed probation. Yes. If they go through due process and they should have been fired from that probationary period, probationary position, they can go back to their former position. But the critical issue here that this isn't rule 7.7 isn't dispositive on is the issue of due process. And I think that's what we need to look at is was there due process? Was he entitled to due process? So, you have the almost identical to McGraw, but then not identical, and then we've gone through that. Are you aware of any case specifically addressing whether a permanent civil service employee has a protected property interest in a promotional probationary position? No, I thought it was McGraw, and I analyzed the McGraw case again, and I looked at the comma that the court put in McGraw. And I interpreted that the McGraw court punted on that issue. And they punted, they said, when they said at least as to continued employment. When they said at least as to, they did not exclude probationary employment. That's not exclusionary language. That's just distinguishing language. What, in essence, the McGraw court said was we don't need to decide that particular issue because she was fired altogether. And we know for sure they shouldn't have done that. But they did not get to the issue presented there, which is a more critical issue in our case, which was less critical in hers because she was fired altogether, which is was there a vested property interest in the probationary position itself? McGraw court never actually got to that. Okay, so you're asking us, you don't have a specific case. You're asking us to extend that. I believe it's a logical extension of that particular issue. When you look at the reasoning and analysis that was applied by the McGraw court, and the reasoning and analysis that was applied by the McGraw court is, what would a reasonable employee's expectation have been given the whole of the statute? And you have to look at the entirety of the municipal ordinance and give it a common sense meaning. When you look at the entirety of the municipal ordinance, given the fact that you have segmented review periods where somebody is given feedback as they're going through their probationary position, and the feedback that Mr. Poynter was getting was positive, it was positive. He got the position December 31st, 2012, positive feedback in January, positive feedback in February, positive feedback in March, positive feedback in April. It wasn't until May, when he repeated again what he saw was a violation of both state law with respect to overtime pay for employees, and also Cal OSHA statutes with regards to a violation of having people that were unsupervised electricians doing work. It wasn't until he reported that, that then on May 7th, shortly through segment number 5 of his employment, he was told that his performance was unsatisfactory. To presume that once an employee who is a tenured employee gets through almost the entirety of his probationary... You want to save me time for rebuttal, just out of curiosity? I'll just save a minute. Okay. To get through almost the entirety of his promoted position, and then arbitrarily and capriciously, for reasons that are illegal, lose that promotion for reasons that are illegal. I don't think that the civil service rules, nor the ordinance that was passed, intended that an employee could lose a promotion. A tenured employee could lose a promotion in which they have a reasonable expectation of hanging on to that job for reasons that are illegal. And that employee should be entitled to due process. The whole of the Civil Service Act revolves around this critical issue of due process. And I think that's what we need to look at, is was he afforded due process? And if he wasn't, he should have been. And I'll reserve the rest of my time. Okay, thank you. Thank you. Good morning, Your Honor. Good morning. Let's pick up with what your learned friend just finished with. Let's suppose that. Let's tell her. Tell us your name first, just so we know who you are. My name is Christine Moon on behalf of defendant. Can you speak up, please? On behalf of defendant. Reject. Appellees. Outside voice. I knew I was going to have this problem. My name is Christine Moon on behalf of defendant appellees Mark Ashford and James Graydon. Let's suppose that it's stipulated that the Mr. Palm was working perfectly well, and that the only reason that he was fired from his probationary employment, the only reason stipulated, undisputed issue of law and fact, was that he blew a whistle on overtime and other employment matters.  Yes, my position is that he can be fired because he did not have a property interest in that position. He still would have had a right to bring a claim. Okay, but what if he was stipulated the only reason was that he was African American? That would be okay? Again, the claim is not a due process claim. The claim is a discrimination claim under the Fair Employment and Housing Act or under Title VII. I'm sorry. His claim would not be a due process claim because he doesn't have a property interest in the employment position. His claim would be a discrimination claim under the FEHA or under Title VII. It would not be a due process claim. The due process claim is created by the rules of the employer. If the employer's rules do not create an expectation that the employee can only be terminated for cause, then the employee can be terminated for any reason not illegal during that probationary period. Isn't terminating a whistleblower illegal? It is illegal, and he has a claim to bring a claim for whistleblower retaliation. In this case, he did try for whistleblower retaliation or even First Amendment retaliation, but both of those claims he tried to bring but failed and is now trying to bring in a due process claim to save him. But he cannot resuscitate those claims right now when he did not have a property interest in his employment in the first place. And property interest, as I said, is only in employment, is only created if the rules create a reasonable expectation. So terminating probationary employees without giving them a hearing for things that are contrary to public policy or illegal creates a remedy, it just doesn't create a property interest? That's correct. I want to make sure I understand your argument. That's correct. And why did he fail in his whistleblower case? Because he didn't timely bring a government claim under the Government Claims Act, under California's Government Claims Act. It was untimely. It was untimely. It's required to be brought within six months. It was brought a year. I'm sorry, it was brought a year after his claim had accrued. I wanted to also address a point raised by counsel concerning the procedures, the probationary procedures of providing a performance evaluation along the way. He claims that that creates a property interest. But the cases are clear, including in McGraw, that a procedure does not in itself create a property interest. It is a rule that precludes the employer from terminating an employee except for cause that creates that property interest. Well, just like, okay, I went through all of that with counsel for the appellant, but I also asked him to have a case for me. I'm going to ask you, too. Do you have a case that for the authority, for the proposition that there is no protected property interest in a probationary position when an employee who has achieved permanent status is promoted to a new position and placed on probation? Well, I think McGraw actually supports that proposition. Is it on point? Well, the one key difference in McGraw from the instance here is that in McGraw, the employee was terminated outright. Here we did not terminate the employee outright. The employee was returned to his pre-probationary status. Well, I don't think you have a case either. Exactly. Actually, Gwin, which is cited in the papers, if you want the full site, it's a state law case, Gwin v. County of Santa Bernardino, where a permanent employee was in the position of a probation officer. He was promoted to a supervisory position. He failed probation and was returned down to his probationary officer position. And in that case, the court held that his rejection during probation was not a demotion. It was not a disciplinary act because he had not acquired a property interest in that promotional position. So why didn't anyone talk about why don't we have to ask you about the civil service rules? Because I think the charter in itself is sufficient to get there. Section 1011B of the charter states that an employee who is on probation can be terminated with just a mere notice of the termination. Council had argued that Section 1011. Do the civil service rules have anything to do with this? The civil service rules make it clear how the procedure will go forward if an employee has a property interest in a prior position. As you pointed out in Section 7.7, the employee is put on a protected leave during the period of probation in the new promotional position and then can be returned back to his prior position. Yes, I certainly would have made that argument to support your position. And maybe I should have. But I felt that Section 1011 actually covered the instance because 1011B makes it clear that there's no property interest in the probationary position. And Section 1011A makes it clear that this section is applicable to both entry-level and non-entry-level positions. And if you have any further questions. It doesn't appear we have additional questions. You're not compelled to use all your time. Okay. Thank you. We appreciate it. Thank you, Your Honors. I just wanted to reserve my minute to answer any questions you may have and follow up. We don't have any questions. Thank you, Your Honor. All right. Thank you both. All right. This matter will stand submitted.
judges: Kelly, Callahan, Bea